# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS GUSTAVO CABRERA MIRANDA,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-07538-JLT-EPG-HC

ORDER FOR SUPPLEMENTAL BRIEFING

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the petition, Petitioner raises the following claims for relief: (1) his continued detention violates due process and Zadvydas because there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future; (2) Respondents' third country policy violates due process, the Immigration and Nationality Act, the Convention Against Torture, and implementing regulations; (3) Respondents' third country policy violates the Fifth and Eighth Amendments; and (4) Petitioner's re-detention violates the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedure Act. (ECF No. 1 at 13–19.[1])

On October 13, 2026, Respondents filed a response, arguing, *inter alia*, that "under *Zadvydas v. Davis*, detention remains 'presumptively reasona-ble' for six months and may

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

continue beyond that window unless the noncitizen shows 'no significant likelihood of removal in the reasonably foreseeable future'—a showing that cannot be met when the noncitizen's own non-cooperation is the obstacle." (ECF No. 12 at 1–2.)

In the response to the petition, Respondents do not address Petitioner's claims that the revocation of his release violated applicable regulations. The six-month presumptively reasonable detention period and "the burden-shifting framework from *Zadvydas* does not apply" to challenges to "ICE's authority to *re-detain* [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." Yan-Ling X. v. Lyons, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025) (alterations in original) (quoting Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025)). "The regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) apply to non-citizens in petitioner's situation and outline the process to be followed," including notice and a prompt informal interview. Yan-Ling X., 813 F. Supp. 3d at 1163; 8 C.F.R. § 241.4(*l*)(1); 8 C.F.R. § 241.13(i)(3). Additionally, "when ICE revokes release to effectuate removal, 'it is [ICE's] burden to show a significant likelihood that the alien may be removed.'" Yan-Ling X., 813 F. Supp. 3d at 1163.

8 C.F.R. § 241.13(i) provides in pertinent part:

> (1) Violation of conditions of release. Any alien who has been released under an order of supervision under this section who violates any of the conditions of release may be returned to custody and is subject to the penalties described in section 243(b) of the Act. In suitable cases, the HQPDU shall refer the case to the appropriate U.S. Attorney for criminal prosecution. The alien may be continued in detention for an additional six months in order to effect the alien's removal, if possible, and to effect the conditions under which the alien had been released.
>
> . . .
>
> (3) Revocation procedures. Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts

> relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i)(1), (3). "This regulation specifically permits ICE to re-detain Petitioner for violating the conditions of his release for an 'additional' six months[.]" Nguyen v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-00350 JLT EPG (HC), 2026 WL 962616, at *2 (E.D. Cal. Apr. 9, 2026).

The Court finds that supplemental briefing on the applicability of 8 C.F.R. § 241.13(i)(1), whether ICE complied with applicable regulations when revoking Petitioner's order of supervision, and whether Respondent can show a significant likelihood that Petitioner may be removed would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. Within fourteen (14) days of the date of service of this order, Respondents SHALL FILE:
    a. A supplemental brief addressing the issues set forth above; and
    b. Any supporting documentation; and
2. Within fourteen (14) days of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a traverse.

IT IS SO ORDERED.

Dated: **October 14, 2026** /s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE